## LAMBERT TRANSP. CO., Inc., v. FURNESS–WITHY & CO., Limited, et al.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 94.

Admiralty ⚖➙31—Protest by libelant's representatives to respondent's stevedores against negligent acts held to relieve libelant of negligence.

Protests of representatives of libelant to respondent's stevedores against their negligent acts, resulting in injury to boat, *held* to relieve libelant from negligence.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the Lambert Transportation Company, Inc., against Furness–Withy & Co., Limited, and the Bay Ridge Operating Company. From a final decree for respondents, libelant appeals. Dismissed as to defendant first named and modified and affirmed as to defendant last named.

William J. Martin and Foley & Martin, all of New York City, for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (L. De Grove Potter and John J. Heckman, both of New York City, of counsel), for appellees.

Before HOUGH, HAND, and MACK, Circuit Judges.

PER CURIAM. We do not think this cause illustrates any point of law or presents any serious question of fact. We are of opinion that libelant's boat was injured by the negligence of the Bay Ridge Company.

The boat was not chartered by Furness–Withy & Co., and that concern was guilty of no negligence. Representatives of the libelant protested to Bay Ridge Company's stevedores against their negligent acts; the protests were disregarded. We think libelant

performed the full duty of one who sees a person in authority acting negligently; i. e., without judgment. There is no reason why failure to do more than decently protest or object should excuse the wrongdoer for treating the protest with disdain.

It follows that the decree appealed from should be modified, first by dismissing the libel as against Furness-Withy & Co.; second, by awarding full damages to libelant against Bay Ridge Company; and it is so ordered, with costs of this court to libelant, who will also recover full costs in the court below against Bay Ridge Company, but must pay them to the other respondent, now discharged.